# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BLAZE VERMILLION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:15cv0371 TCM |
| ) | |
| CORNWELL QUALITY TOOLS CO. ) | |
| and SNAP-ON INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Pending in this diversity action is the opposed motion of Blaze Vermillion (Plaintiff) to remand her case to the state court from which it was removed by defendant Snap-On Inc.[1]

## Background

Plaintiff alleges in her complaint that she was seriously injured when she was struck by a piece of broken socket from an impact gun manufactured by Snap-On Inc., fitted with a socket manufactured by Cornwell Quality Tools Co. (Cornwell) and used by Michael Lemons to remove a wheel and tire from her car in the garage of Victory Tire & Auto (Victory). Her complaint includes causes of action against Snap-On and Cornwell for products liability and against Lemons and Victory for negligence. Plaintiff, Lemons, and Victory are all residents of Missouri. (Compl. ¶¶ 1, 4-5.) Cornwell is an Ohio corporation and has its principal place of business in that state. (Id. ¶ 2.) Snap-On is a Wisconsin corporation and has its principal place of business in that state. (Id. ¶ 3.)

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

The complaint was filed on January 20, 2015, in the Circuit Court of Warren County, Missouri. Snap-On was served on January 27. (Not. Ex. B, ECF No. 1-2.) An attempt to serve Lemons and Victory on February 11 was returned marked "NOT FOUND." (Not. Exs. C and D, ECF Nos. 1-3, 1-4.) Snap-On removed the case to federal court on February 26. (Not., ECF No.1.) The Notice of Removal was served on Plaintiff's counsel and on Cornwell's counsel. (Id. at 5.) Cornwell consented the next day to the removal. (Consent, ECF No. 7.)

Lemons and Victory were each served on March 4. (Pl.'s Mot. Exs. 1, 2; ECF Nos. 12-1, 12-2.)

On April 9, Plaintiff filed her motion to remand, arguing that the case was improperly removed because (a) there is a lack of diversity and (b) the notice of removal was not served on Victory and Lemons.

## Discussion

Title 42 U.S.C. § 1441(b)(2) prohibits the removal to federal court of a civil action that would otherwise satisfy the criteria of 42 U.S.C. § 1332(a) (providing, among other things, that district courts shall have original jurisdiction of civil actions where the matter in controversy exceeds $75,000 and is between citizens of different States) "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Accord **Block v. Toyota Motor Corp.**, 665 F.3d 944, 947 (8th Cir. 2011). (quoting 28 U.S.C. § 1441(b) (amended). "[T]he party seeking removal and opposing

remand . . . ha[s] the burden of establishing federal subject matter jurisdiction." **In re Bus. Men's Assur. Co. of Am.**, 992 F.2d 181, 183 (8th Cir. 1993).

In opposing remand, Snap-On emphasizes the "'properly joined **and served** as defendants'" language of § 1441(b).[2] (Def.'s Mem. at 2, ECF no. 14 (emphasis in original)).

In **Pecherski v. General Motors Corp.**, 636 F.2d 1156 (8th Cir. 1981), the court rejected the removing defendant's argument that the "joined and served" language of § 1441(b) requires only that it "establish that those defendants who have been properly joined and served are not citizens of the state in which the action is brought." Id. at 1160. "Despite the 'joined and served' provision of section 1441(b), the prevailing view is that the mere failure to serve a defendant who would defeat diversity jurisdiction does not permit a court to ignore that defendant in determining the propriety of removal." Id. The court agreed with that view, holding that "section 1441(b) did not change the removal requirement set forth in Pullman[3] that a court, in determining the propriety of removal based on diversity of citizenship, must consider all named defendants, regardless of service." Id. at 1160-61 (footnote added).

The posture of the case in **Boschert v. Wright Med. Group, Inc.**, No. 4:15cv0211 AGF, 2015 WL 1006482 (E.D. Mo. Mar. 6, 2015), is similar to the instant case. There, the plaintiff brought a products liability action in state court against three companies and one individual, a citizen of Missouri as were plaintiffs. Id. *1. Only two of the companies had

---

[2] As noted by Plaintiff, there is no question of fraudulent joinder.

[3] Pullman Co. v. Jenkins, 305 U.S. 534 (1939).

been served at the time of removal. Id. The plaintiffs moved to remand. Id. Noting that the removing defendant had never disputed that complete diversity was lacking if the individual defendant was considered but had argued that the only question was whether there was complete diversity of citizenship between the parties served at the time of removal, the court held that "[t]he Eighth Circuit has long recognized that § 1441(b) does not expand the removal jurisdiction of § 1332(a)(1) to considering only served defendants." Id. at *2. Because the citizenship of the unserved defendant destroyed complete diversity, the court remanded the case for lack of subject matter jurisdiction. Id. See also **Fisher v. Forest Labs., Inc.**, No. 4:12cv0322 RWS (E.D. Mo. Feb. 22, 2012) (finding that *Pecherski* required remand of case removed prior to service on non-diverse defendant). And, in **Brake v. Reser's Fine Foods, Inc.**, No. 4:08cv1879 JCH, 2009 WL 213013 (E.D. Mo. Jan. 28, 2009), the court concluded that the holding in *Pecherski* – the residence of unserved defendants must be considered when determining whether diversity jurisdiction exists – did not mandate remand if the question was whether the "forum defendant rule"[4] required that the case be remanded when the named Missouri resident defendants had not been served but *there was complete diversity of the parties*. Id. *2. The court noted that the issue in *Pecherski* was "whether the court must consider the residence of an unserved defendant *where such residence would destroy diversity under 28 U.S.C. § 1441(a)*." Id. (emphasis added). That is the issue in this case.

---

[4]"Under the so-called 'forum defendant rule,' a non-federal question case 'shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" **Horton v. Conklin**, 431 F.3d 602, 604 (8th Cir. 2005) (quoting § 1441(b)).

Although the holding in *Pecherski* would require remand if that was the only issue, there is also the question of the timeliness of the motion to remand.

Title 42 U.S.C. § 1447(c) requires that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ." There is no federal question in the instant case; consequently, there is no subject matter jurisdiction if diversity is lacking. See **Filla v. Norfolk Southern Ry.**, 336 F.3d 806, 809 (8th Cir. 2003). However, "[a] jurisdictional defect at the time of commencement can be cured by *dismissal* of the non-diverse party." **Chavez-Lavagnino v. Motivation Educ. Training, Inc.**, 714 F.3d 1055, 1056 (8th Cir. 2013). The non-diverse defendants were dismissed without prejudice by Plaintiff prior to their filing a responsive pleading.

For the foregoing reasons, the Court finds that it has subject matter jurisdiction over Plaintiff's diversity products liability action against the two defendants, Cornwell and Snap-On.[5]

Accordingly,

---

[5]Plaintiff's argument that her case must be remanded because Snap-On failed to serve Lemons and Victory with the notice of removal is without merit. Local Rule 2.03 of the Eastern District of Missouri requires that proof of service of the filing of the notice of removal be made on all adverse parties. At the time, neither Lemons nor Victory had been served with the complaint. Indeed, the proof of service then on file indicated that the address given for service was a vacant building.

**IT IS HEREBY ORDERED** Plaintiff's motion to remand is **DENIED**. [Doc. 12]

/s/Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  21st  day of July, 2015.